Judgment for the United States.

## Case No. 16,313.

### UNITED STATES v. SLAYMAKER.

[4 Wash. C. C. 169.] [1]

Circuit Court, D. Pennsylvania. Oct., 1821.

EJECTMENT—WRIT OF POSSESSION—ALIAS WRIT— RESISTANCE TO EXECUTION.

1. The defendant cannot rule the marshal to return a habere facias possessionem, although the plaintiff may do so.

2. If after plaintiff is put into possession under a habere facias possessionem, he is turned out by the defendant, he may, upon suggesting vice comitatus non misit breve, obtain an attachment, or an alias habere facias. Aliter, if he is turned out by a stranger.

3. If the first writ be returned executed, plaintiff cannot issue out an alias. If the writ, though executed, has not been returned, and an alias issues on the suggestion of the plaintiff, resistance to such writ is an offence. Aliter, if the first writ had been returned.

4. The habere facias possessionem cannot be executed after the return day, and if it be attempted, resistance to it is no offence against the act of congress.

Indictment for resisting the execution of a habere facias possessionem issued from this court, returnable to the 11th of April, 1821. The writ is set out in the indictment in hæc verba. It appeared in evidence, that an alias habere facias possessionem issued on the 4th of May last, returnable to the first day of the present term, upon a suggestion of the plaintiff, "vice-comes non misit breve." The deputy marshal, to whom the writ was delivered to be executed, proved, that he was prevented by threats and demonstrations of violence from executing the writ; but he

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

stated that the writ under which he acted was endorsed "alias;" nevertheless he believed that the writ, which was returnable to April court last, was, from its appearance, the one which he was directed to execute. He further stated, that, under the first writ, the possession had been taken peaceably by another of the deputy marshals, and delivered to the plaintiff in the ejectment, who placed a tenant upon the land, but that the possession was afterwards abandoned.

Upon this evidence, and before the case of the defendants was fully opened, the district attorney, with great candour, submitted to the court, whether the prosecution could be supported, expressing his unwillingness unnecessarily to consume the time of the court, if the opinion should be in the negative. He cited the following: Adams, Ej. 301, 360; [Wheaton v. Sexton] 4 Wheat. [17 U. S.] 505.

Peters & Chauncey, for defendants.

WASHINGTON, Circuit Justice. It was decided at the last session of this court, that the defendant could not rule the marshal to return the writ of habere facias possessionem, although the plaintiff may. The reason of the rule is, that it affords the plaintiff the best security for obtaining the full benefit of his judgment, by enabling him to renew the execution at his pleasure, until he has the full enjoyment of the possession. For if after he is put into possession, and the officer has departed, he is again turned out by the defendant, he may, upon a suggestion, "vice-comes non misit breve," obtain an attachment, or sue out a new habere facias possessionem, so as to regain the possession. If he is turned out by a stranger, the rule is otherwise, for he is then put to his ejectment, or to his writ of forcible entry and detainer; because, in this latter case, the title never was tried in respect to the stranger. But if the first writ be returned executed, the plaintiff can never obtain a new writ, although he should afterwards be turned out even by the defendant; because it then appears on record, that the plaintiff has had the full benefit of his suit, and the new execution would be superfluous.

It is no objection therefore to the new writ, that in point of fact, the first writ has been fully executed, if the evidence is merely in pais, and not of record; and resistance to such new writ by the defendant and his agents, would be as much an offence against the law, as if the resistance had been to the original writ. 2 Keb. 245; 1 Keb. 779, 785; Style, 318, 408; 6 Mod. 27; 2 Brownl. & G. 216, 253; Palm. 289; 1 Rolle, 353; Salk. 321. It is true that there is a late English case to be met with in 1 Taunt. 55, in which it is decided that if the habere facias possessionem be executed, it ought to be returned, and that if the plaintiff be turned out by the defendant, a new writ cannot issue. But considering the old cases as authority binding

upon us, which the case above referred to is not, and that the former are bottomed upon the soundest reason; we shall adhere to the rule which they have sanctioned.

In this case, we can feel no doubt but that the alias habere facias possessionem was in reality the writ which the deputy had to execute; and if so, the variance between the evidence and the indictment is fatal. If, on the other hand, there be no such variance, then the original writ could not be legally executed after the day to which it was returned. It was then functus officio. In this case the indictment cannot be supported. The district attorney entered a nolle prosequi.